No. 77.—JOHN F. BOYD and another, administrators, &c. plaintiffs in error, *vs.* WILLIAM CLEMENTS, guardian, and others, defendants in error.

[1.] If a trustee buys from or sells to himself, his *cestui que trust* may repudiate the act.

In equity, in Muscogee Superior Court. Tried before Judge IVERSON, May Term, 1853.

This was a bill filed against the administrators of William

Boyd, for an account of his acts as guardian of Sarah F. Clements. It appeared, on the trial, that the guardian had transferred from himself, individually, to himself, as guardian, fifty shares of the stock of the Planter's and Mechanic's Bank, and claimed a credit therefor. Much evidence was introduced, to show the *bona fides* of the transaction.

The Court charged the Jury, that an executor, administrator or guardian, had no right to invest the funds in his hands, in stocks of any kind, not specially authorized by Statute; and that if he did so, he did it at his peril, however solvent or entitled to credit, the Bank or other corporation, may be at the time of making the investment. And farther—that a trustee was not authorized to trade with himself upon the trust fund; and if he did so, the *cestui que trust* could accept or repudiate such act; and it made no difference whether the same had operated to his or their injury or advantage.

To this charge plaintiffs in error excepted.

DOUGHERTY & THOMAS, for plaintiff in error.

H. HOLT, for defendant in error.

*By the Court.*—BENNING, J., delivering the opinion.

Were these charges of the Court proper?

As to the first, we say nothing.

[1.] As to the second, viz: "That a trustee was not authorized to trade with himself, upon the trust fund; and if he did so, the *cestui que trust* could accept or repudiate such act; and it made no difference whether the same had operated to his or their injury or advantage", we say we think it to have been proper.

The charge states what seems to be authorized by decisions. *Ex parte Lacey*, 6 *Ves.* 625. *Campbell vs. Walker*, 5 *do.* 678. *Sanderson vs. Walker*, 13 *do.* 601. *Whelpdale vs. Cookson*, 1 *Ves. sr.* 9. *Hill on Trustees*, 536.

It is to be understood that the right of the *cestui que trust*

to relief, will be barred by acquiescence, for any considerable period.   5 *Ves.* 680.

This charge being right, it follows, from the facts of the case, that a new trial ought not to be granted to the plaintiffs in error, whether the first charge was right or not.

So a new trial is refused.